IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY BLANCHARD, II            *
        Plaintiff,
      v.                  *     CIVIL ACTION NO. PJM-13-768

THE UNITED STATES       *
STEVEN M. DUNNE
DAVID GORRELL , A.T.F. AGENT     *
       Defendants.
                        *****

## MEMORANDUM OPINION

### I. Procedural History

Before the Court is Ray Blanchard's ("Blanchard") self-represented Complaint seeking reimbursement for or the return of confiscated property, to wit, a cellular telephone, $306.00 in cash, a black Chevy Tahoe truck, and "other needed documents" taken by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") during his March 14, 2007 arrest by federal authorities. (ECF No. 1). He contended that the property was taken and destroyed without a forfeiture hearing and Defendants' actions constitute negligence. He claims that he submitted a tort claim to the Department of Justice in July of 2012, and did not receive a response. (*Id*. at pgs. 2-3). The action was instituted as a new Complaint and Defendants were directed to file an Answer.

### II. Pending Motions

Defendants have filed a Motion to Dismiss and Plaintiff has filed an Opposition Response. (ECF Nos. 4 & 5). The case is ready for consideration. A hearing is unnecessary. *See* Local Rule 105.6. (D. Md. 2011).

### III.  Standard of Review

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3, (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, a Court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  In evaluating the Complaint, a Court need not accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989).  Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at

1950 (quoting Fed. R .Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Defendants' Motion to Dismiss relies on documents filed outside the scope of the pleading and Plaintiff has filed an Opposition. In my view, it is appropriate to address Defendants' Motion as one for summary judgment.

Summary Judgment is governed by Fed. R.Civ. P. 56(a), which provides, in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). In resolving the motion, the court should "view the evidence in the light most favorable to ... the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644–45 (4th Cir. 2002). However, "[t]he party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). Moreover, the court must abide by the " 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.' " *Bouchat,*

346 F.3d at 526 (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986)).

## IV. Discussion

### Facts

Defendants contend that the Complaint is subject to dismissal for the failure to state a claim as they never had possession of Plaintiff's Chevrolet Tahoe, his cellular telephone, or cash and therefore cannot return the property to him.[1] (ECF No. 4 at Gorrell Decl.).

Further, Defendants contend that to the extent that Plaintiff wishes to obtain monetary damages for his lost property, he may seek relief under the Federal Tort Claims Act ("FTCA"), which this Court lacks jurisdiction to hear due to its untimeliness. (*Id*. at Mem.).

In his Opposition, Plaintiff claims that the ATF confiscated, seized, and forfeited his property through agents of the Prince George's County Police Department during his arrest on March 14, 2007. (ECF No. 6). He contends that he was always under federal jurisdiction as he was never charged or held in custody by the County or State. He speculates that ATF used Prince George's County's impoundment lot and its district station as storage for the confiscated property and exercised its dominion and control to utilize certain elements of that property seized in his federal criminal court case. He claims the government's handling of his property was negligent. (*Id*.)

### Analysis

On June 23, 2009, Plaintiff was sentenced to 327 months in the Bureau of Prisons after being convicted of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *See United States v. Blanchard*, Criminal No. PJM-07-143 (D. Md.). His conviction and sentence were

---

[1]     Defendants appear to concede that they did, at one time, possess the Chevy Tahoe's door panel. (ECF No. 4).

affirmed by the Fourth Circuit on August 17, 2010.   On October 17, 2011, Plaintiff filed a Motion for Replevin.  *See United States v. Blanchard*, Criminal No. PJM-07-143 at ECF No. 117.  In response, the Government indicated that it believed that the property, "to the extent it was ever in law enforcement hands," was in the custody of the Prince George's County Police Department.  *See United States v. Blanchard*, Criminal No. PJM-07-143 at ECF No. 122.   The Court reviewed the responses and granted the Motion for Replevin in part and denied it in part. *Id*. at ECF No. 129.   In sum, the Government was directed to release to Plaintiff "whatever items of Plaintiff's property are in its possession," but declined to issue orders to the Prince George's County Police Department, which was not a party to the case.  It was subsequently determined that the ATF had returned the Chevrolet Tahoe truck door panel to the Prince George's County Police Department and that the panel had been destroyed on June 15, 2011.  *Id*. at ECF No. 133.

There appears to be no material dispute that Defendants are not in possession of the property at issue.  Indeed, all property cited to by Plaintiff appears to have been in possession of the Prince George's County Police Department.  It therefore does not appear that Plaintiff has stated a claim against the Government.[2]

Further, compliance with the FTCA is a jurisdictional prerequisite to bringing a suit sounding in tort against the United States.  The limitation for filing a tort claim against the United States is set forth in 28 U.S.C. § 2401(b): "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ..." The FTCA limitations period is not subject to equitable tolling.  *See Marley v. United States,* 567 F.3d 1030 (9th Cir. 2009) (FTCA statute of limitations is jurisdictional and thus not subject to equitable tolling); *see also John R. Sand & Gravel Co. v.*

---

[2]      Plaintiff is not left without a remedy.  He could file a tort claim against the appropriate county authority, followed by an action in state court if required.

*United States,* 552 U.S. 130 (2008) (Tucker Act statute of limitations was jurisdictional and thus not subject to equitable tolling).

Plaintiff became aware of his injury on the date of his arrest, March 14, 2007. He was therefore required to file his FTCA claim on or before March 14, 2009. In his Complaint, however, he stated that he filed his FTCA claim in July of 2012, some five years and four months after the claim accrued. He is therefore barred from seeking monetary damages. Defendants' court-construed motion for summary judgment IS GRANTED. A separate Order follows.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 10, 2013